OCC8BARP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4               v.                          24 Cr. 286 (ALC)

5   SELWYN BARLEY,

6               Defendant.                  Plea

7   ------------------------------x
                                            New York, N.Y.
8                                           December 12, 2024
                                            12:05 p.m.
9
    Before:
10
                    HON. ANDREW L. CARTER, JR.,
11
                                            District Judge
12
                          APPEARANCES
13
    DAMIAN WILLIAMS
14       United States Attorney for the
         Southern District of New York
15  CATHERINE GHOSH
         Assistant United States Attorney
16
    ROBERT A. OSUNA
17       Attorney for Defendant

18

19

20

21

22

23

24

25

OCC8BARP

```
1                    (In open court; case called)
2              THE DEPUTY CLERK:  Counsel, please state your
3       appearances.
4                    For the government.
5              MS. GHOSH:  Good afternoon, your Honor.  Catherine
6       Ghosh for the United States.
7              THE DEPUTY CLERK:  For the defendant.
8              MR. OSUNA:  Good afternoon, your Honor.  Robert Osuna,
9       appearing for Mr. Barley.  Good afternoon.
10             THE COURT:  Good afternoon.
11             My understanding is that Mr. Barley would like to
12      withdraw his previously entered plea of not guilty and enter a
13      plea of guilty pursuant to an agreement with the government to
14      Count One of the indictment.
15             Is that correct, defense counsel?
16             MR. OSUNA:  Yes.  That's correct, sir.
17             THE COURT:  Mr. Barley, I am going to ask you some
18      questions.  I require that your answers be under oath so I will
19      ask my talented deputy to administer an oath.
20             (Defendant sworn)
21             THE COURT:  Mr. Barley, now that you have taken an
22      oath to tell the truth, I want to make sure you understand that
23      if you were to intentionally lie in response to any of my
24      questions, you could face criminal prosecution for making false
25      statements under oath.  Do you understand?
```

OCC8BARP

1          THE DEFENDANT:  Yes.

2          THE COURT:  How old are you?

3          THE DEFENDANT:  62.

4          THE COURT:  How far did you go in school?

5          THE DEFENDANT:  Two years' college.

6          THE COURT:  Are you currently being treated for any

7     mental health problems?

8          THE DEFENDANT:  No.

9          THE COURT:  Are you currently under the care of a

10    physician for any reason?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Are you taking any medications?

13         THE DEFENDANT:  Yes.

14         THE COURT:  How many medications do you take and what

15    are the medications for?

16         THE DEFENDANT:  Three medications:  High blood

17    pressure, cholesterol, and a skin condition.

18         THE COURT:  The high blood pressure medication, how

19    long have you been taking that medication; how many years or

20    months or days?

21         THE DEFENDANT:  Approximately four years, once a day.

22         THE COURT:  You take that medication every day?

23         THE DEFENDANT:  Yes.

24         THE COURT:  For the cholesterol, do you take that

25    medication every day?

OCC8BARP

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  How long have you been taking that

 3    medication?

 4              THE DEFENDANT:  Same time.

 5              THE COURT:  For the skin condition, do you take that

 6    medication every day?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Is that an oral medication or a topical

 9    medication?

10              THE DEFENDANT:  Topical.

11              THE COURT:  How long have you been taking that

12    medication?

13              THE DEFENDANT:  Three weeks.

14              THE COURT:  Do any of these medications affect your

15    ability to think or analyze information?

16              THE DEFENDANT:  No.

17              THE COURT:  Other than the medications that you have

18    told me about, in the last 24 hours, have you had any other

19    medication, drugs, pills or alcoholic beverages of any sort?

20              THE DEFENDANT:  No.

21              THE COURT:  Is your mind clear as you sit here today?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Defense counsel, have you discussed the

24    matter of pleading guilty with your client?

25              MR. OSUNA:  Yes, I have, your Honor.
```

1        THE COURT:  Do you feel that he understands the rights

2  he will be waiving by pleading guilty?

3        MR. OSUNA:  Yes, I do.

4        THE COURT:  Do you have any doubts about his

5  competence to proceed?

6        MR. OSUNA:  Not at all.

7        THE COURT:  I note for the record that Mr. Barley

8  appears alert, he has answered the questions appropriately.  I

9  find that he is competent to proceed, and we will continue.

10        Mr. Barley, have you seen a copy of the indictment

11  that's been filed against you in this case?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Are you familiar with Count One of the

14  indictment?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Count One charges solicitation and receipt

17  of a bribe by agent of organization receiving federal funds.

18        Do you understand that?

19        THE DEFENDANT:  Yes.

20        THE COURT:  I will summarize the indictment.

21        It charges that:  From around 2015 through around

22  May 2021, that you were an agent of a local government agency,

23  specifically, the New York City Housing Authority.

24        Do you understand that?

25        THE DEFENDANT:  Yes.

1    THE COURT:  And that the New York City Housing

2  Authority received, in each of the calendar years 2015 through

3  2021, benefits in excess of $10,000 under a federal program.

4    Do you understand?

5    THE DEFENDANT:  Yes.

6    THE COURT:  And that you corruptly solicited and

7  demanded and accepted and agreed to accept a thing of value

8  from a person.

9    Do you understand?

10    THE DEFENDANT:  Yes.

11    THE COURT:  And that you accepted and solicited these

12  things of value with the intent to be influenced in terms of a

13  business, a transaction and series of transactions of NYCHA,

14  involving a thing of value of $5,000 and more.

15    Do you understand?

16    THE DEFENDANT:  Yes.

17    THE COURT:  Specifically, that you solicited and

18  accepted a total of approximately $14,500 in bribes in exchange

19  for arranging for certain contractors to receive no-bid

20  contracts from NYCHA.

21    Do you understand?

22    THE DEFENDANT:  Yes.

23    THE COURT:  And that those contracts were worth a

24  total of about at least $145,000.

25    Do you understand?

OCC8BARP

1          THE DEFENDANT:  Yes.

2          THE COURT:  You have a constitutional right to

3   continue to plead not guilty to Count One of the indictment.

4          Do you understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And if you persist in that right, you have

7   the right to a speedy and public trial by jury.

8          Do you understand?

9          THE DEFENDANT:  Yes.

10          THE COURT:  At that trial, and at every stage of this

11   criminal litigation, you have the right to be represented by an

12   attorney.

13          Do you understand?

14          THE DEFENDANT:  Yes.

15          THE COURT:  If you could not afford to hire an

16   attorney, the court would give you an attorney for free.

17          Do you understand?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Defense counsel, are you retained or

20   appointed on this matter?

21          MR. OSUNA:  I am retained, your Honor.

22          THE COURT:  At trial, Mr. Barley, you would be

23   presumed innocent, you would not have to prove that you are

24   innocent.

25          Do you understand?

1        THE DEFENDANT:  Yes.

2        THE COURT:  The burden of proof would be on the

3   government at all times, and the government would be required

4   to prove each and every element of the crime charged to a jury

5   beyond a reasonable doubt in order for that jury to convict you

6   of that crime.

7        Do you understand?

8        THE DEFENDANT:  Yes.

9        THE COURT:  So let's turn to those elements.

10       For Count One, the government would have to prove that

11  you were an agent of a local government agency.

12       Do you understand?

13       THE DEFENDANT:  Yes.

14       THE COURT:  The government would also have to prove

15  that that local government agency received benefits in excess

16  of $10,000 under a federal program.

17       Do you understand?

18       THE DEFENDANT:  Yes.

19       THE COURT:  And that that agency received those

20  benefits in excess of $10,000 for each of the calendar years

21  2015 through 2021.

22       Do you understand?

23       THE DEFENDANT:  Yes.

24       THE COURT:  And that in that context, you solicited

25  and accepted a thing of value.

OCC8BARP

1          Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Specifically money.

4          Do you understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And that you solicited and accepted this

7    money for the purpose of being influenced in connection with a

8    business and rewarding that business.

9          Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And that those businesses involved

12   transactions for that local government agency involving a thing

13   of value exceeding $5,000.

14         Do you understand?

15         THE DEFENDANT:  Yes.

16         THE COURT:  If you plead guilty, you also are giving

17   up your right to challenge the venue of the prosecution.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Counsel for the government, have I left

21   out any elements of the offense?

22         MS. GHOSH:  I would add that the defendant acted

23   corruptly.

24         THE COURT:  The government would have to prove that

25   you acted corruptly.

1          Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  From the government, are there any other

4     elements of the offense that I have left out?

5          MS. GHOSH:  No, your Honor.

6          THE COURT:  Have I left out any other elements of the

7     offense from defense counsel's perspective?

8          MR. OSUNA:  No, your Honor.

9          THE COURT:  Mr. Barley, the government would have to

10    prove each and every one of those elements to a jury beyond a

11    reasonable doubt in order for the jury to convict you of this

12    crime.

13          Do you understand?

14          THE DEFENDANT:  Yes.

15          THE COURT:  In order to attempt to prove those

16    elements, the government would call witnesses.  Your attorney

17    could question those witnesses.

18          Do you understand?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Your attorney could object to the evidence

21    that the government tried to introduce against you.

22          Do you understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You could call your own witnesses at trial

25    and your attorney would have the subpoena power of the United

1   States to make witnesses come to court for you.

2           Do you understand?

3           THE DEFENDANT:  Yes.

4           THE COURT:  You would have a right to testify on your

5   own behalf at trial; but at the same time, you could not be

6   forced to testify because you have a right or privilege against

7   self-incrimination.

8           THE DEFENDANT:  Yes.

9           THE COURT:  The right or privilege against

10  self-incrimination means that you cannot be forced to say

11  anything out of your own mouth that makes you appear guilty.

12          Do you understand?

13          THE DEFENDANT:  Yes.

14          THE COURT:  So, even if you are guilty, you are not

15  required to plead guilty.  You can remain silent and force the

16  government to attempt to prove each and every element of the

17  crime charged beyond a reasonable doubt.

18          Do you understand?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If the government could not prove each and

21  every element of the crime charged beyond a reasonable doubt,

22  the jury would have an obligation to find you not guilty.

23          Do you understand?

24          THE DEFENDANT:  Yes.

25          THE COURT:  So, again, even if you are guilty, you are

1    not required to plead guilty.

2            Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  On the other hand, if you plead guilty, I

5    will have to ask you what you did that makes you guilty of the

6    crime charged; and when you answer that question, you will be

7    saying things out of your own mouth that make you appear

8    guilty, thereby giving up your right or privilege against

9    self-incrimination.

10           Do you understand?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Let's talk about the sentencing process.

13   If I accept your plea of guilty, you will meet with the

14   probation department and they will prepare a probation or

15   presentence report.  That report will have information about

16   you and the crime that you are alleged to have committed.

17           Do you understand?

18           THE DEFENDANT:  Yes.

19           THE COURT:  That report will also have the probation

20   department's sentencing guideline calculation.

21           Have you and your attorney discussed the sentencing

22   guidelines and how they might apply in your case?

23           THE DEFENDANT:  Yes.

24           THE COURT:  The sentencing guidelines are advisory.

25   What that means is, although I am required to determine the

guideline range that applies to your case, once I make that

determination, I am not required to sentence you within that

range.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Since I will determine the guideline

range, and I will determine the sentence as you sit here today,

there is no promise as to what your guideline range will be,

nor is there a promise as to what your sentence will be.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Let's talk about your agreement with the

government, Court Exhibit 1.  It's agreement dated December 9,

2024, which appears to have been signed by you on December 10,

2024.

Is this your signature on page 6 of this document?

THE DEFENDANT:  Yes.

THE COURT:  Before signing this document, did you read

it?

THE DEFENDANT:  Yes.

THE COURT:  Did you discuss it with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand it?

THE DEFENDANT:  Yes.

THE COURT:  Does this agreement constitute the

OCC8BARP

1    entirety of your agreement with the government?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Counsel for the government, is that

4    correct?

5              MS. GHOSH:  Yes, your Honor.

6              THE COURT:  Counsel for the defense, is that correct?

7              MR. OSUNA:  Yes.

8              THE COURT:  Let's go over some portions of the

9    agreement.  I am not going to go over the entire agreement.  We

10   will go over the statutory penalties and we will go over some

11   other portions of the agreement.

12             Starting with the statutory penalties, Count One has a

13   maximum term of imprisonment of 10 years.

14             Do you understand?

15             THE DEFENDANT:  Yes.

16             THE COURT:  There is a maximum term of supervised

17   release of three years.

18             Do you understand?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Supervised release is like a term of

21   probation you would serve after a term of custody.  You would

22   be subject to drug testing, visits to a probation officer's

23   office, and other limitations on your freedom.

24             Do you understand?

25             THE DEFENDANT:  Yes.

OCC8BARP

1          THE COURT:  If you were to violate a condition of

2   supervised release, you would be sentenced to an additional

3   term of custody, and an additional term of supervised release,

4   without credit for time previously served in custody or on

5   supervised release.

6          Do you understand?

7          THE DEFENDANT:  Yes.

8          THE COURT:  You would also be subject to a fine, which

9   would be based on your ability to pay it.  The maximum fine is

10  the greatest of $250,000, twice the gross pecuniary gain

11  derived from the offense or twice the gross pecuniary loss to

12  persons other than you resulting from the offense.

13         Do you understand?

14         THE DEFENDANT:  Yes.

15         THE COURT:  There is also a $100 special assessment,

16  which is like a fine, except it is mandatory.  I must impose

17  that whether or not you can afford to pay it.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Under your agreement, you're agreeing to

21  admit to the forfeiture allegation with respect to Count One of

22  the indictment.

23         Do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Under your agreement, you have agreed to

OCC8BARP

1    make restitution in the amount of $26,000.

2                Do you understand?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Although you have a statutory right to

5    appeal, under your agreement you have agreed not to file a

6    direct appeal or otherwise challenge any sentence within the

7    range of 18 to 24 months' imprisonment.

8                Do you understand?

9                THE DEFENDANT:  Yes.

10                THE COURT:  And you have agreed under your agreement

11    not to file a direct appeal or otherwise challenge your

12    conviction.

13                Do you understand?

14                THE DEFENDANT:  Yes.

15                THE COURT:  I want to make sure that you understand,

16    if you are not a United States citizen, you could potentially

17    be deported or removed from the United States.

18                Do you understand?

19                THE DEFENDANT:  Yes.

20                THE COURT:  I want to make sure you understand, even

21    if you are a United States citizen, if you are a naturalized

22    U.S. citizen, there may be immigration consequences stemming

23    from this conviction.

24                Do you understand?

25                MR. OSUNA:  One moment, Judge.

OCC8BARP

1      (Counsel confers with defendant)

2      THE DEFENDANT:  Yes.

3      THE COURT:  Have you discussed that with your

4  attorney?

5      THE DEFENDANT:  Yes.

6      THE COURT:  Defense counsel, have you in fact

7  discussed that with your client?

8      MR. OSUNA:  Yes.  We have discussed that very point,

9  Judge, prior to today and today as well.

10      THE COURT:  Do you have any questions you would like

11  to ask me before we continue?

12      THE DEFENDANT:  No.

13      THE COURT:  Do you have any questions you would like

14  to ask your attorney in private before we continue?

15      THE DEFENDANT:  No.

16      THE COURT:  Back to the immigration question, let me

17  just find out from counsel.  You said you have discussed this

18  with your client.  What is your client's immigration status?

19      MR. OSUNA:  He is a United States citizen that was

20  naturalized well before this conspiracy was alleged or begun.

21  I have discussed with him that I don't believe there will be

22  any denaturalization proceedings because this conspiracy is

23  well after the time he became a naturalized citizen.

24      THE COURT:  But I just want to make sure, Mr. Barley,

25  that you understand that as a naturalized citizen, pleading

OCC8BARP

1  guilty may have consequences with respect to your immigration

2  status.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  You may be subject to denaturalization and

6  removal if your naturalization was procured by concealment of a

7  material fact or willful misrepresentation or otherwise

8  illegally procured.

9          Do you understand?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Any further allocution on this, requested

12  by the government?

13          MS. GHOSH:  No, your Honor.

14          THE COURT:  Again, Mr. Barley, do you have any other

15  questions for me before we continue?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Mr. Barley, are you satisfied with your

18  legal representation up to this point?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Defense counsel, are you aware of any

21  legal defense to the charge or any other reason why your client

22  should not plead guilty?

23          MR. OSUNA:  No, your Honor.

24          THE COURT:  Mr. Barley, are you willing to give up

25  your rights to a trial and the other rights that we have

1   discussed?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Other than what is contained in your

4   agreement with the government, Court Exhibit 1, has anyone made

5   any promises to induce you to give up those rights?

6            THE DEFENDANT:  No.

7            THE COURT:  Has anyone threatened you or forced you to

8   give up those rights?

9            THE DEFENDANT:  No.

10           THE COURT:  How do you plead to Count One of the

11  indictment, guilty or not guilty?

12           THE DEFENDANT:  Guilty.

13           THE COURT:  What is it that you did that makes you

14  guilty of that crime?

15           THE DEFENDANT:  Between 2015 and May 2021, in the

16  Southern District of New York and other places, I was an

17  employee of the New York City Housing Authority.  During that

18  time, I solicited and accepted bribes from contractors to award

19  them no-bid micro contracts for work to be performed at the

20  facility I supervised.  I did so knowing that this was illegal.

21  Micro contracts was small money contracts for work to be done

22  at the Housing Authority.

23           THE COURT:  Let me hear from the government regarding

24  the New York City Housing Authority and their receipt of

25  federal benefits in excess of $10,000 per year.

1          MS. GHOSH:  Yes, your Honor.

2          The government proffers that in each year from at

3    least 2015 through 2021, HUD, U.S. Department of Housing and

4    Urban Development, provided over $1 billion in federal funding

5    to NYCHA every year.  And the government would also proffer

6    that the no-bid contracts Mr. Barley referred to were worth

7    $5,000 or more.

8          THE COURT:  And does the defense challenge what the

9    government has just stated factually?

10          MR. OSUNA:  No.  We stipulate to those facts.

11          THE COURT:  Any further allocution requested by the

12    government?

13          MS. GHOSH:  No, your Honor.

14          THE COURT:  Any further allocution requested by the

15    defense?

16          MR. OSUNA:  No, your Honor.

17          THE COURT:  I find that there is a factual basis for

18    the plea.  I find that Mr. Barley understands the rights he is

19    waiving by pleading guilty, and I will accept his plea of

20    guilty.

21          We will schedule sentencing for Thursday, April 17,

22    2025, at 2:00 p.m.

23          Does that date and time work for the government?

24          MS. GHOSH:  Yes, your Honor.

25          THE COURT:  Does that work for the defense?

OCC8BARP

1          MR. OSUNA:  If I may just have one moment.

2          Yes.  That's fine, Judge.

3          THE COURT:  Okay.  I also have before me a consent

4   preliminary order of forfeiture/money judgment, which appears

5   to be signed by Mr. Barley today, December 12.

6          Mr. Barley, is this your signature on this document?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Before signing it, did you read it?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Did you discuss it with your attorney?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  By signing this document, do you consent

13   to a preliminary order of forfeiture in the amount of $26,000

14   in United States currency?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Any further allocution regarding this

17   consent preliminary order of forfeiture?

18          From the government.

19          MS. GHOSH:  No, your Honor.

20          THE COURT:  From the defense.

21          MR. OSUNA:  No, your Honor.

22          THE COURT:  I will sign off on the preliminary order

23   of forfeiture.

24          Anything else from the government today?

25          MS. GHOSH:  No, your Honor.

OCC8BARP

1          THE COURT:  Anything else from the defense?

2          MR. OSUNA:  No, Judge.  I would ask to be present for

3   his presentence interview, or someone from my office.

4          THE COURT:  All right.

5          Also, let me order the government to provide an

6   offense statement to probation within three weeks.  And the

7   defense should schedule the presentence interview within three

8   weeks.  It doesn't mean the interview needs to take place

9   within three weeks, but it needs to be scheduled between today

10  and three weeks from today.

11         MR. OSUNA:  That's fine, your Honor.

12         THE COURT:  We are adjourned.  Thank you.

13         One other thing.  I notice that there are some people

14  here in the audience.  Are they here for Mr. Barley?

15         MR. OSUNA:  Yes, your Honor.  That's his wife, his

16  brothers, and other family members.

17         THE COURT:  Their appearance is noted for the record.

18         We are adjourned.

19         (Adjourned)

20

21

22

23

24

25